OPINION OF THE COURT
Dan Lamont, J.
Petitioner brings this proceeding in the nature of mandamus by petition and order to show cause why an order should not be issued compelling respondent Capital District Psychiatric Center to forthwith make application to this court for an order authorizing the administration of medical treatment to Margaret Salisbury without her consent, and why a hearing *362 should not be scheduled upon said application to determine whether the involuntary treatment of Margaret Salisbury with antibiotics should be continued. The respondent has opposed the application upon both procedural and substantive grounds — contending, inter alia, that the administration of antibiotics to petitioner was authorized as an emergency treatment.
On November 19, 1987, Justice Lawrence E. Kahn ordered that a court hearing on the questions of Margaret Salisbury’s competence and the necessity of forcing treatment upon Margaret Salisbury be held forthwith.
This proceeding was heard by the undersigned on November 19, 1987. The only witness who testified was Daniel Gabriels, M.D., who testified on behalf of the respondent. He appeared frank and candid, and I credit his testimony. His earnest concern for petitioner’s well-being was plainly evident. The petitioner although present at the hearing did not testify.
Based upon the petition, affidavits, and affirmations before the court and the credible testimony presented, the facts are essentially uncontroverted.
THE FACTS
Petitioner was admitted to Capital District Psychiatric Center (CDPC) in January 1987, where she has remained ever since. She was involuntarily committed to CDPC on January 26, 1987 upon a two-physician certificate pursuant to Mental Hygiene Law § 9.27. On March 23, 1987, she applied for admission to CDPC on a voluntary legal status pursuant to Mental Hygiene Law § 9.13 and remained on such status until November 6, 1987, when CDPC converted her to an involuntary status.
The petitioner was initially hospitalized following a suicide attempt. She remains avowedly suicidal and has been under close observation for most of her hospitalization. She has assaulted staff and requires repeated seclusion and restraint.
Her psychiatric diagnosis is:
Axis I: Major Depression, recurrent with melancholia and psychotic features
Axis II: Borderline personality disorder
Axis III: Diabetes Mellitus, cardiac disease, retinal hemorrhage, polyneuropathy, left leg fracture, and infection of the left fifth toe.
*363 In the summer of 1987, petitioner fell and broke her left leg. Her leg has been placed in a cast ever since.
On October 18, 1987, petitioner had developed a laceration or blister on her left foot. On October 25, 1987, a foul-smelling discharge was observed in the ulceration on her fifth toe. On October 28, a culture of that substance indicated that it was a staphylococcus bacterial infection.
Between October 28 and November 2, 1987, petitioner at various times has accepted and rejected prescribed oral antibiotics. On occasion, she would refuse to take the oral medication.
On November 2, 1987, it was determined that it would be necessary for petitioner to be treated with antibiotics over her objection. Because of her severe diabetes and the reduced circulation caused by the fractures of her left leg and ankle, her infection was imminently and seriously threatening to her health, her limb, and possibly her life. If not treated with antibiotics, the risks to petitioner included progression of the infection, blood poisoning, infection of the bone, amputation, and/or death.
The petitioner was thereafter converted to an involuntary status, and antibiotics were thereafter administered by injection.
The petitioner gave as her reason for refusing antibiotics that she wants to die and wishes to be left alone. She has also objected to dressing changes and debridement of devitalized tissue at the infection site.
ISSUES
The issues thus presented are: (1) Should respondent CDPC be required to apply to the Supreme Court for an order authorizing administration of antibiotics to petitioner Margaret Salisbury without her consent? and (2) If so, has the respondent demonstrated to the court’s satisfaction by clear and convincing evidence that the patient lacks the capacity to make a reasoned decision with respect to the proposed treatment and that the proposed treatment is reasonable and necessary under the circumstances?
CONCLUSIONS OF LAW
(1) Under the foregoing facts and circumstances, the respondent CDPC should not be required to apply to the Supreme *364 Court for an order authorizing administration of antibiotics to petitioner Margaret Salisbury without her consent.
The Court of Appeals in Rivers v Katz (67 NY2d 485 [1986]) has clearly recognized the rights of mental patients to make decisions concerning their own medical or surgical care.
However, the course of treatment prescribed in this case does not involve major medical treatment such as surgery, electroconvulsive therapy, or the administration of psychotropic medication or experimental drugs.
Here, the physicians employed by respondent CDPC determined that the administration of antibiotic medication was necessary to treat the diabetic petitioner’s infected left foot so as to avoid serious harm to her life or limb.
Respondent CDPC should therefore prevail not only because of the relative emergency presented by an infected foot in a diabetic patient, but also and more importantly, because the administration of antibiotics does not, should not, and cannot constitute major medical treatment within the meaning and intent of the Rivers decision (supra).
Simply stated, court authorization should not be required in order for a mental hospital to treat a patient with antibiotics, debridement (removal of devitalized tissue) and dressing changes. Overwhelming public policy considerations make it imperative that mental hospitals not be required to go to court in order to perform routine, accepted, nonmajor medical treatment which poses no significant risk, discomfort, or trauma to the patient.
Accordingly, the petition in the nature of mandamus for an order requiring respondent CDPC to apply to the Supreme Court for an order authorizing the continued administration of antibiotics to petitioner Margaret Salisbury without her consent is hereby dismissed. •
(2) Although this court’s determination on the first issue presented renders consideration of the second issue unnecessary, several matters deserve comment.
First and foremost, this court cannot determine based upon the papers and evidence presented that petitioner truly has any deep-seated conviction or opposition to treatment with antibiotics. The petitioner alternatively accepted and declined oral administration of antibiotics, and she didn’t even testify at the hearing. Accordingly, the fact finder is permitted to draw the strongest inference against the petitioner that the opposing evidence allows.
*365 The need for the routine medical treatment with antibiotics and dressing changes is so overwhelmingly clear and the risks so virtually nonexistent that neither the patient nor the Mental Hygiene Legal Services (MHLS) can or should seriously contend that such treatment should not be administered.
Petitioner Margaret Salisbury’s receiving very routine and very necessary treatment with antibiotics upon an emergency basis to protect her life and limb hardly presents an appropriate or proper subject for MHLS to establish any legal principle or precedent pertaining to the issue as to how long a major medical treatment upon an emergency basis can or should be continued without court authorization.
Although this court determined at the hearing on November 19, 1987 that petitioner lacked the capacity to make a reasoned decision with respect to the proposed treatment and that the proposed treatment was narrowly tailored to give substantive effect to the patient’s liberty interest, taking into consideration all relative circumstances, including the patient’s best interest, the benefits to be gained from the treatment, the adverse side effects (if any) associated with the treatment, and any less intrusive alternative treatments, the petitioner’s application in the nature of mandamus for an order compelling respondent CDPC to apply to Supreme Court for an order authorizing the administration of antibiotics to petitioner Margaret Salisbury without her consent should be denied and dismissed.
CONCLUSION
The petition in the nature of mandamus for an order requiring respondent CDPC to apply to Supreme Court for an order authorizing the continued administration of antibiotics to petitioner without her consent is hereby denied and dismissed.